UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF
AMERICA

v.                                    Case No.: 8:16-cr-56-RAL-AAS

OMAR PANTALION
PERLAZA COIME,
_____/

## REPORT AND RECOMMENDATION

The defendant moves for compassionate release under 18 U.S.C. §
3582(c)(1)(A). (Doc. 78). The defendant requests release under the First Step
Act of 2018 because of COVID-19 concerns. (*Id.*). The government opposes the
defendant's request. (Doc. 82). For these reasons, the defendant's motion
should be denied.

## I.    BACKGROUND

After pleading guilty without a plea agreement (Doc. 33), the defendant
was sentenced to a total term of 168 months' imprisonment on Count 1
(conspiracy to possess with intent to distribute five kilograms or more of
cocaine while aexbord a vessel subject to the jurisdiction of the United States)
and Count 2 (possession with intent to distribute five kilograms or more of
cocaine while aexbord a vessel subject to the jurisdiction of the United States).

1

(Doc. 57). The defendant was also sentenced to five years supervised release and ordered to pay a $200 fine. (*Id.*). The defendant has not filed an appeal or sought relief under 28 U.S.C. § 2255. According to the Bureau of Prisons' (BOP) website, the defendant is a fifty-seven year old black male who is incarcerated at North Lake CI with a scheduled release date of January 4, 2028.[1] The United States Immigration and Customs Enforcement has lodged a detainer on the defendant. (Doc. 78, Ex. 1).

The defendant argues he has exhausted his administrative remedies and that the BOP Central Office denied his motion for compassionate release on March 10, 2021. (Doc. 78, p. 6). The defendant contends he should be granted compassionate release because his medical conditions put him at high risk of having severe complications if he got COVID-19. (*Id.* at p. 3). The defendant claims he suffers from diabetes, hypertension, high blood pressure, and high cholesterol. (*Id.*). The defendant argues his medical conditions diminish his ability to provide self-care in the prison environment where social distance is impossible. (*Id.* at p. 4). The defendant asserts the Warden at North Lake CI has not implemented recommended orders to ensure the safety of the prisoners from COVID-19. (*Id.*).

---

[1] Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited May 24, 2021) (searched the defendant by his register number).

In response, the government states the defendant did not exhaust administrative remedies before his motion, and thus the motion should be dismissed. (Doc. 82, pp. 2–3). The government also argues the defendant fails to demonstrate extraordinary and compelling circumstances that warrant compassionate release. (*Id.* at p. 3). First, the defendant has provided no supporting medical documentation to satisfy his burden, and second, the medical records the government obtained from the BOP do not show his medical conditions rise to the level of severity to warrant compassionate release. (*Id.* at pp. 3–4). According to the government, the BOP medical records show the defendant was hospitalized for high blood sugar in September 2020. (*Id.* at p. 4). But three weeks later, the medical records showed improvement and noted "likely will need to back off insulin as diabetic control improves" with the defendant's condition to be monitored. (*Id.*). The government also states the medical records provided do not demonstrate that he suffers from hypertension, high blood pressure, or high cholesterol. (*Id.*). The government also counters the defendant's argument about possible COVID-19 infection by referencing cases that found the possibility of a COVID-19 infection, without more, does not warrant compassionate release. (*Id.*). The government states the defendant has only one documented medical condition, his diabetes, which is being properly controlled by medication and he is being appropriately

3

treated by the medical personal at North Lake CI. (*Id.* at p. 5).

## II.   ANALYSIS

Under 18 U.S.C. § 3582(b), "a judgment of conviction that includes" an imprisonment sentence is a final judgment for all purposes and can be modified only in limited circumstances. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). The limited circumstances are provided under 18 U.S.C. § 3582(c)(1), but the First Step Act of 2018 amended this section to allow prisoners to directly petition (with limitations) the district court for compassionate release. Thus, the "court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction follows the Sentencing Commission's policy statement." *United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at* 2 (M.D. Fla. May 15, 2020) (citing 18 U.S.C. § 3582(c)(1)).

The defendant "bears the burden of establishing that compassionate release is warranted." *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *United States v.*

4

*Hamilton*, 715 F.3d 327, 328 (11th Cir. 2013)).

### A.   Failure to Exhaust Administrative Remedies

The defendant has not satisfied the administrative exhaustion requirement, which could allow his motion to be denied without addressing the merits. On October 21, 2020, the defendant submitted his request for compassionate release to the facility administrator at North Lake CI. (*See* Doc. 78, Ex. 1). On November 13, 2020, the facility administer denied the defendant's request. (*See id.*). On December 26, 2020, the defendant appealed that denial to the Eastern Regional office, and on January 25, 2021, the acting director for the Eastern Regional Office found the institution properly found the defendant was not eligible for compassionate release. (*Id.*). Despite saying the Central Office denied the defendant's motion for compassionate release, the defendant's exhibit shows he appealed Eastern Regional office's decision to the BOP Central Office on March 10, 2021. (*Id.*). The defendant provides no documentation showing the BOP Central Office has addressed his appeal. Thus, the defendant has not satisfied the administrative exhaustion requirement, which could allow his motion to be denied without addressing the merits. *See* 28 C.F.R. § 571.63(b), (d).

### B.   No Extraordinary or Compelling Reasons Exist

In the United States Sentencing Guidelines (USSG) § 1B1.13, the

Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (A) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (B) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (C) particular family circumstances; and (D) other reasons as determined by the BOP. Recently, the Eleventh Circuit explained the USSG § "1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions." *United States v. Bryant*, No. 19-14267, 2021 WL 1827158, at *2 (11th Cir. May 7, 2021).

Even if the defendant could show he exhausted his administrative remedies, the defendant fails to demonstrate extraordinary or compelling reason for warranting compassionate release. The defendant's argument involves only that he suffers from serious medical conditions, diabetes, hypertension, high blood pressure, and high cholesterol, that diminish his ability to provide self-care. (Doc. 78, p. 4). Neither (B) or (C) apply because the defendant is not over 65 and argues no applicable family circumstance.

Although the court recognizes that diabetes can make it more likely that

6

the defendant could get severely ill if he contracted COVID-19,[2] the BOP's coronavirus web page shows no confirmed cases of COVID-19 among the inmates at North Lake CI though does reference two deaths and that 123 inmates have recovered.[3] "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("[I]n this Court's view, the mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary and compelling reason for a sentence reduction under that statutory scheme.").

The defendant's medical conditions[4]—diabetes, high blood pressure, and

---

[2] Center for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).

[3] Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited May 25, 2021).

[4] The defendant also alleges high cholesterol, but his medical records do not show any diagnosis. (*See* Doc. 78, Ex. 1; Doc. 79). Based on the provided medical records, the defendant's total cholesterol is less than 200 mg/dL which is the desirable cholesterol level. *See* Center for Disease Control and Prevention, *Getting Your Cholesterol Checked*, https://www.cdc.gov/cholesterol/cholesterol_screening.htm (last visited May 24, 2021).

hypertension—do not "substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility" or are otherwise serious enough to warrant release. *See* USSG § 1B1.13 comment (n.1). The medical records provided by the defendant shows that the medical facility at North Lake CI is monitoring the defendant's diabetes and he receives prescription medication to control the diabetes. (Doc. 78, Ex. 1). As for the defendant's hypertension and high blood pressure, the medical records noted the defendant had elevated blood pressure. (*See id.*; Doc. 79). But when the defendant was in the hospital for low blood sugar, the doctors noted the defendant's elevated blood pressure should be monitored before formally diagnosing with hypertension. (*See* Doc. 79). Thus, his medical conditions do not create an extraordinary and compelling reason for compassionate release. *See United States v. Dawson*, No.8:16-cr-500-VMC-AEP, 2021 WL 1117313, at *2 (M.D. Fla. Mar. 24, 2021) ("Although Dawson alleges that his underlying health conditions (type 2 diabetes, chronic hypertension, and high cholesterol) make him especially vulnerable to COVID-19 (Doc. # 66 at 2-3), he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility or that otherwise justifies release."); *see also United States v. Rind*, 837 F. App'x 740, 744 (11th Cir. 2020) (affirming district court's denial of compassionate release

when the defendant suffered from diabetes and hypertension); *United States v. Harris*, No. 8:10-cr-438-VMC-AAS, 2021 WL 1165179 (M.D. Fla. Mar. 26, 2021) (finding the combination of diabetes, high cholesterol, and high blood pressure does not warrant compassionate release).

Although unclear, the defendant argues the conditions at North Lake CI and its COVID-19 safety protocols constitute other reasons to grant his request for compassionate release. (*See* Doc. 78, p. 14). However, under USSG § 1B1.13, note 1(D) provides "other reasons" may qualify as extraordinary and compelling circumstances, but those "other reasons" must be "determined by the Director of the Bureau of Prisons." USSG § 1B1.13, note 1(D). "However, Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 2021 WL 1827158, at *2; *see also United States v. Terry*, No. 3:10-cr-17-J-34JRK, 2020 WL 4261938, at *3 (M.D. Fla. July 24, 2020) ("By its own terms, this provision does not authorize the Court to invent new or additional 'extraordinary and compelling reasons' for compassionate release.").

## C.    Section 3553(a) Factors

Finally, even if the defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh strongly against granting compassionate release here. Those

factors aid the court to impose a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 182 (11th Cir. 2019) (citing 18 U.S.C. § 3553(a)). Besides these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809 (11th Cir. 2020) (citations omitted).

The defendant argues that his conduct in prison should weigh in his favor. (Doc. 78, p. 11). Although the court does consider the defendant's lack of disciplinary issues, the court must also consider the defendant's original actions that led to his arrest and subsequent conviction. After spotting the defendant's vessel, the Coast Guard found a debris field that contained thirty-five bales filled with over 1,050 kilograms of cocaine. (Doc. S-50). Included with the bales was a transmitter buoy, likely to allow the defendant to circle back to recover the bales. (*Id.*). After being arrested, the defendant admitted he was the master of the transport, stating he got partially paid when he left and then would receive the remaining amount after delivery of the cocaine. (*Id.*). The

defendant pleaded guilty to conspiracy to possess with intent to distribute over five kilograms of cocaine and possession with intent to distributed over five kilograms of cocaine. (Doc. 57). He has only served a little over five years of his fourteen-year sentence. (*See* Doc. 78).

Considering the Section 3553 factors, release would not be appropriate here.

## III.   CONCLUSION

For the reasons stated above, the defendant's motion for compassionate release (Doc. 78) should be **DENIED**.

**RECOMMENDED** in Tampa, Florida, on May 25, 2021.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

11

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

cc:
Omar Pantalion Perlaza Coime
BOP Reg. No. 66748-018
North Lake Correctional Facility
P.O. Box 1500
Baldwin, MI 49304-1500